**FILED**
MAR 23 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  cp   DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENSON LANE MYERS, <br><br> Plaintiff, <br> vs. <br><br> L.E. SCRIBNER, et al., <br><br> Defendants. | CASE NO. 08-CV-117 W (WMc) <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT |

Plaintiff Venson Lane Myers, a California prisoner proceeding *pro se*, filed this civil rights lawsuit stemming from prison officials' denial of Plaintiff's proposal to host a religious feast for 800 prisoners. On August 21, 2008, Defendants filed an unenumerated motion to dismiss the complaint for, among other grounds, failure to properly exhaust administrative remedies. (Doc. No. 11.) On December 3, 2008, Magistrate Judge William McCurine, Jr., issued a Report and Recommendation (the "Report), recommending that the Court grant the motion. Plaintiff, thereafter, filed objections to the Report.

The matter is decided on the papers submitted. See S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report (Doc. No. 19) and **GRANTS** Defendants' motion to dismiss without prejudice (Doc. No. 11).



I.  **BACKGROUND**

On approximately July 7, 2007, Plaintiff considered organizing a Christian-based celebratory feast. (*Comp.*, 4.[1]) Plaintiff alleges that based on his research of prison rules and regulations, inmate religious groups are permitted no more than two religious events each year where the prison provides foods with religious significance. (*Id.*)

On August 23, 2007, Plaintiffs discussed his planned religious feast with the Associate Warden, Defendant Builteman. (*Comp.*, 3.) Defendant Builteman told plaintiff to submit a proposal to the prison chaplain, Defendant Richey, for consideration. (*Id.*)

On or about September 24, 2007, Plaintiff submitted a request for administrative approval of a religious food feast on December 8, 2007 for 800 members of the Christian inmate community. (*Comp.*, 12.) After various communications with Prison officials, on October 3, 2007, Plaintiff was notified by Defendant Builteman that the proposal for a December 8, 2007 Christian feast was denied. (*Id.*, 5, 9.)

On October 8, 2007, Plaintiff filed a formal first-level appeal, designated as CAL-A-07-01891, concerning the denial of the proposed Christian feast. (*Comp.*, 10.) On October 14, 2007, Plaintiff filed an additional formal appeal, to be attached to the previous appeal (CAL-A-07-01891). (*Id.*, 13.) On October 24, 2007, a formal hearing was held on Plaintiff's appeal. (*Id.*, 3, 15.)

On December 12, 2007, Defendant Builteman issued a formal decision acknowledging that the Christian faith places religious significance on "celebration bread and wine (juice)" in accordance with the Lord's Supper and granting, in part, the appeal. (*Report*, 3.) The decision, therefore, stated that such a ceremony would be allowed. (*Id.*) But the decision denied the proposed attendance of 800 inmates, citing safety and security concerns, and denied Plaintiff's claim that Chaplain Richey cancelled worship services in retaliation for the appeal. (*Id.*) Finally, the decision also

---

[1]The page number reference is based on the pagination of documents found in the Court's ECF system.

informed Plaintiff that "the issue may be submitted at the Second Level of Review." (Comp., 15.)

On January 18, 2008, Plaintiff filed the present action under 42 U.S.C. § 1983. On August 21, 2008, Defendants filed the motion to dismiss arguing, among other things, that Plaintiff failed to exhaust administrative remedies.

On December 3, 2008, Magistrate Judge McCurine issued the Report recommending that the Court grant the motion to dismiss. On December 22, 2008, Plaintiff filed objections, which he supplemented on January 9, 2009.

## II.  LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980). When no objections are filed, the district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. See Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo." Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

## III.  ANALYSIS

Having read and considered the papers submitted, including Plaintiff's objections, the Court concludes the Report presents a well-reasoned analysis of the issue.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement applies to inmate lawsuits about prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of prison administrative procedures is mandatory. Id. at 524.

The PLRA exhaustion requirement is not jurisdictional, but is an affirmative defense that may be raised in a unenumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding such a motion, "courts may look beyond the pleadings and decide disputed issues of fact." Id. When the court determines that a prisoner has not properly exhausted administrative remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

California provides prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. Tit. 15 § 3084.1(a). There are four levels of administrative appeal: (1) informal resolution; (2) formal written appeal on a 602 inmate appeal form; (3) second level appeal to the institution head, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997). Following a decision at the third formal level, a prisoner has exhausted his or her administrative remedies. Cal. Code Regs. Tit. 15 §§ 3084.1(a) and 3084.5(e)(2).

Here, in recommending that the Court grant Defendants' motion to dismiss, the Magistrate Judge found that Plaintiff failed to properly exhaust his administrative remedies because he did not file a second level formal appeal of Defendant Builteman's December 12, 2007 decision. Plaintiff's objection does not dispute this finding. Instead, Plaintiff appears to be arguing that he did not have to pursue additional levels of appeal

because the proposed religious feast–scheduled for December 8, 2007– passed before Defendant Builteman's decision was rendered.

But as explained above, a prisoner's exhaustion of administrative remedies is mandatory. Porter, 534 U.S. at 524. And the Court's independent research has not revealed any case excusing exhaustion under similar circumstances. For these reasons, the Court will adopt the Report's analysis and dismiss the complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report (Doc. No. 19) and **GRANTS** Defendants' motion to dismiss without prejudice (Doc. No. 11).[2] The Petition is **DISMISSED** in its entirety, and the clerk of the court shall close the district court file.

**IT IS SO ORDERED.**

DATED: March 23, 2009

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

---

[2] Defendants have not argued that any future attempt by Plaintiff to exhaust administrative remedies would be time barred. Accordingly, the lawsuit is dismissed without prejudice so that Plaintiff may refile the litigation if he exhausts the administrative remedies.